IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

Civil No. 3:22-cv-00544-MOC-DSC

| | |
|---|---|
| **SHANEKA ANDREA WALKER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| **EXPERIAN INFORMATION** | ) |
| **SOLUTIONS INC., RENTGROW INC.,** | ) |
| **EQUIFAX INFORMATION SERVICES** | ) |
| **LLC and SAFERENT SOLUTIONS LLC,** | ) |
| | ) |
| **Defendants.** | ) |

## STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED by and between Plaintiff Shaneka Andrea Walker and Defendants Experian Information Solutions, Inc., RentGrow, Inc., Equifax Information Services, LLC, and SafeRent Solutions, LLC, through their respective attorneys of record, as follows:

WHEREAS, documents and information have been and may be sought, produced or exhibited by and among the parties to this action relating to trade secrets, confidential research, development, technology or other proprietary information belonging to the Defendants, and/or personal income, credit and other confidential information of Plaintiff.

THEREFORE, an Order of this Court protecting such confidential information shall be and hereby is made by this Court on the following terms:

1. This Order shall govern the use, handling and disclosure of all documents, testimony or information produced or given in this action which are designated to be subject to this Order in accordance with the terms hereof.

2. "Confidential information" means any information of any type, kind, or character that is designated as "Confidential" or "Confidential—Attorney's Eyes Only" by any of the supplying or receiving persons, whether it be a document, information contained in a document, information revealed during discovery, or otherwise.

3. Any party or non-party producing or filing documents or other materials in this action (the "Producing Party") may designate such materials and the information contained therein subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential."

4. A party shall designate as "Confidential" only such information that the party in good faith believes in fact is confidential. Information that is generally available to the public, such as public filings, catalogues, advertising materials, and the like, shall not be designated as Confidential.

Information and documents that may be designated as Confidential information include, but are not limited to, trade secrets, confidential or proprietary business or financial information, operational data, business plans, and competitive analyses, personnel files, personal information that is protected by law, and other sensitive information that, if not restricted as set forth in this order, may subject the producing or disclosing person to competitive or financial injury or potential legal liability to third parties.

Correspondence and other communications between the parties or with non-parties may be designated as Confidential information if the communication was made with the understanding or reasonable expectation that the information would not become generally available to the public.

Confidential information shall not include information that either:

    a. is in the public domain at the time of disclosure, as evidenced by a written document;

b. becomes part of the public domain through no fault of the recipient, as evidenced by a written document;

c. the receiving party can show by written document was in its rightful and lawful possession at the time of disclosure; or

d. lawfully comes into the recipient's possession subsequent to the time of disclosure from another source without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

5. If a Producing Party believes in good faith that, despite the provisions of this Protective Order, there is a substantial risk of identifiable harm to the Producing Party if particular documents it designates as "Confidential" are disclosed to all other parties or non-parties to this action, the Producing Party may designate those particular documents as "Confidential—Attorneys' Eyes Only."

6. To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Order, the party filing such papers shall designate such materials, or portions thereof, as "Confidential," or "Confidential—Attorneys' Eyes Only" and shall file a Motion to Seal or Otherwise Restrict Public Access to said material in accordance with LCvR 6.1; provided, however, that a copy of such filing having the confidential information deleted therefrom may be made part of the public record.

7. All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony given in a deposition, declaration or otherwise, that refers, reflects or otherwise discusses any information designated "Confidential" or "Confidential—Attorneys' Eyes Only" hereunder), shall not be used, directly or indirectly, by any person, including the other Defendants, for any business, commercial or

competitive purposes or for any purpose whatsoever other than solely for the preparation for and trial of this action in accordance with the provisions of this Order.

8. Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential" or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential" treatment under this Order, and any information contained in or derived from any such materials (including but not limited to, all deposition testimony that refers to, reflects or otherwise discusses any information designated "Confidential" hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than:

(a) the Court and its officers;

(b) parties to this litigation;

(c) counsel for the parties, whether retained outside counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation;

(d) fact witnesses subject to a proffer to the Court or a stipulation of the parties that such witnesses need to know such information;

(e) present or former employees of the Producing Party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure);

(f) experts specifically retained as consultants or expert witnesses (and their administrative or clerical staff) in connection with this litigation (which shall not include the current employees, officers, members, or agents of parties or affiliates of parties);

(g) jury and trial consultants and their staff and mock jurors who, by their receipt of Confidential information are bound by the terms of this Protective Order;

(h) litigation vendors, court reporters, video camera operators, translators, and other litigation support personnel;

(i) mediators or settlement officers, and their supporting personnel, hired or appointed to address any issue(s) in the litigation;

(j) any person who was an author, addressee, or intended or authorized recipient of the Confidential information and who agrees to keep the information confidential, provided that such persons may see and use the Confidential information but not retain a copy;

(k) any juror(s) and/or alternative juror(s); and,

(l) such other person or persons as this Court may designate after notice and an opportunity to be heard.

9. Qualified Persons identified in Paragraphs 8(d), 8(f), 8(j), and 8(k) who receive Confidential Information subject to the protections of this Order shall be given a copy of this Order prior to receiving the materials and execute a copy of the Declaration of Compliance attached as Exhibit A to this Order. Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential—Attorneys' Eyes Only," or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential—Attorneys' Eyes Only" treatment under this Order, and any information contained in or derived from any such materials (including but not limited to, all deposition testimony that refers to, reflects or otherwise discusses any information designated "Confidential—Attorneys' Eyes Only" hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) Plaintiff; (b) counsel for the respective parties in this action, including in-house and outside counsel, as well as employees of said outside counsel to whom it is reasonably necessary to disclose the information for this litigation; (c) persons deposed in connection with this action,

experts specifically retained as consultants or expert witnesses in connection with this action, or witnesses who will testify in connection with this action about such information, and who have signed the "Declaration of Compliance" (Exhibit A), so long as counsel believes, in good faith, that such persons, experts, and witnesses have a need to know or testify about such information; (d) the Court and its personnel; (e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation; and (f) the author of the document or the original source of the information.

10. All persons receiving any or all documents produced pursuant to this Order shall be advised of their confidential nature. All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any person except as provided herein and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named parties thereto. No person receiving or reviewing such confidential documents, information or transcript shall disseminate or disclose them to any person other than those described above in Paragraph 8 and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

11. In the event that any party in good faith believes that a particular Qualified Person or the disclosure of particular Confidential information to such person should be precluded, the objecting party shall give written notice to the opposing party and the parties shall first try to resolve the dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party shall have twenty-one days from the date of the written notice to move the Court for an order denying the disputed person (a) status as a Qualified Person, or (b) access to particular Confidential information. The objecting party shall demonstrate that disclosure to the disputed person would expose the objecting party to a substantial risk of harm. Upon the timely filing of

such a motion, no disclosure of Confidential information shall be made to the disputed person unless the court enters an order preserving the designation.

12. Documents unintentionally produced without designation as Confidential information later may be designated and shall be treated as Confidential information from the date written notice of the designation is provided to the receiving party. If a receiving party learns of any unauthorized disclosure of Confidential information, the party shall immediately upon learning of such disclosure inform the producing party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information. Privileged documents inadvertently produced may be "clawed back" by the party that produced them within fourteen days of being served with written notice of the inadvertent disclosure by the party who received the document.

13. Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents, consultants, representatives, or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a nonparty may be designated by any party as Confidential information by indicating on the record at the deposition that the testimony is "Confidential." Any party also may designate information disclosed at a deposition as Confidential information by notifying all parties in writing not later than thirty days after receipt of the transcript of the specific pages and lines of the transcript that should be treated as Confidential information. All deposition transcripts shall be treated as Confidential information for a period of thirty days after initial receipt of the transcript. To the extent possible, the court reporter shall segregate into separate transcripts information designated as Confidential information with blank, consecutively numbered pages being provided in a non-designated main transcript. The separate transcript containing confidential information shall have page numbers

that correspond to the blank pages in the main transcript. Counsel for a party or a nonparty witness shall have the right to exclude from depositions any person who is not authorized to receive Confidential information pursuant to this Protective Order, but such right of exclusion shall be applicable only during periods of examination or testimony during which Confidential information is being used or discussed.

14. Witnesses at depositions to whom disclosure is reasonably necessary who have signed the "Acknowledgement of Understanding" (Exhibit A), provided that such witnesses shall not retain a copy of documents containing confidential information. However, witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts

15. Nothing in this Order shall prevent a party from using at trial any information or materials designated "Confidential" or "Confidential—Attorneys' Eyes Only".

16. This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential," or "Confidential—Attorneys' Eyes Only," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

17. Within 120 days after the final termination of this litigation, all documents, transcripts, or other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials, shall be returned to the Producing Party or destroyed, except as this court may otherwise order or to the extent such information has been used as evidence at any trial or hearing. Notwithstanding this obligation to return or destroy

information, counsel may retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential or attorney eyes only material to the extent necessary to comply with each sides' duty to maintain files as required under the professional rules of responsibility.

18. In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Protective Order, the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party objecting to the designation may seek appropriate relief from this Court. During the pendency of any challenge to the designation of a document or information, the designated document or information shall continue to be treated as "Confidential" or "Confidential—Attorneys' Eyes Only" subject to the provisions of this Protective Order. The ultimate disposition of any such challenge and the ultimate disposition of protected materials shall be subject to a final order of the Court on the completion of litigation.

19. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

20. Insofar as the provisions of this Protective Order, or any other protective orders entered in this litigation, restrict the communication and use of the information protected by it, such provisions shall continue to be binding after the conclusion of this litigation, except that (a) there shall be no restriction on documents that are used as exhibits in open court unless such exhibits were filed under seal, and (b) a party may seek the written permission of the producing

party or order of the court with respect to dissolution or modification of this, or any other, protective order.

21. Pursuant to Federal Rule of Evidence 502, neither the attorney-client privilege nor work product protection is waived by disclosure connected with this litigation.

22. The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

**SO ORDERED**.

Signed: February 20, 2023

_____

David S. Cayer
United States Magistrate Judge

**AGREED TO:**

/s/ Dawn M. McCraw
Dawn M. McCraw
N.C. State Bar No. 54714
Price Law Group, APC
8245 N. 85th Way
Scottsdale, AZ 85258
(818) 600-5585
(866) 683-3985 Fax
dawn@pricelawgroup.com
*Counsel for Plaintiff*


/s/ Bonnie K. DelGobbo
Bonnie K. DelGobbo
Baker & Hostetler LLP
1 N. Wacker Drive, Suite 4500
Chicago, IL 60606-2841
(312) 416-8185
(312) 416-8195
bdelgobbo@bakerlaw.com
and
Matthew H. Sommer
N.C. State Bar No. 51004
Baker & Hostetler LLP
200 Civic Center Drive, Suite 1200
Columbus, OH 27602
(614) 462-5145
msommer@bakerlaw.com
*Counsel for Defendant RentGrow, Inc.*

/s/ Andrew C. Gresik
Andrew C. Gresik
Foley & Lardner LLP
50 East Gilman Street, Suite 5000
Madison, WI 53703-1481
T: 608-258-4235
E: agresik@foley.com

Shelley W. Coleman
N.C. State Bar No. 22783
Butler Snow, LLP
6752 Rock Spring Road, Suite 310
Wilmington, NC 28405
(910) 550-1320
(910) 550-1321
Shelley.coleman@butlersnow.com
*Counsel for Defendant*
*SafeRent Solutions, LLC*


/s/ Caren D. Enloe
Caren D. Enloe
N.C. State Bar No. 17394
SMITH DEBNAM NARRON DRAKE
SAINTSING & MYERS LLP
P.O. Box 176010
Raleigh, NC 27619-6010
(919) 250-2000
(919) 250-2124 Fax
cenloe@smithdebnamlaw.com
*Counsel for Defendant*
*Experian Information Solutions, Inc.*


/s/ Ethan Goemann
Ethan Goemann
N.C. State Bar No. 50731
SEYFARTH SHAW LLP
121 W. Trade Street, Suite 2020
Charlotte, NC 28202
(704) 925-6026
(704) 946-6083 Fax
egoemann@seyfarth.com
*Counsel for Defendant*
*Equifax Information Services LLC*

# EXHIBIT A

## DECLARATION OF COMPLIANCE

I, _____, declare as follows:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have received a copy of the Stipulated Protective Order entered in this action on _____, 20___.

5. I have carefully read and understand the provisions of this Stipulated Protective Order.

6. I will comply with all provisions of this Stipulated Protective Order.

7. I will hold in confidence, and will not disclose to anyone not qualified under the Stipulated Protective Order, any information, documents or other materials produced subject to this Stipulated Protective Order.

8. I will use such information, documents or other materials produced subject to this Stipulated Protective Order only for purposes of this present action.

9. Upon termination of this action, or upon request, I will return and deliver all information, documents or other materials produced subject to this Stipulated Protective Order, and all documents or things which I have prepared relating to the information, documents or other materials that are subject to the Stipulated Protective Order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

10. I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Stipulated Protective Order in this action.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this \_\_\_\_ day of _____, 20\_\_, at _____.

_____
QUALIFIED PERSON